IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GAVINO PATRICK MAZUREK PETITIONER
ADC #138629

V. 5:14-cv-00439-DPM-JTK

WENDY KELLEY, Director, RESPONDENT
Arkansas Department of Correction[1]

PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include

[1]Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Petitioner Gavino Mazurek, an inmate at the Arkansas Department of Correction ("ADC"), filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after pleading guilty to first degree murder in the Pulaski County Circuit Court. (Doc. No. 1.) For the following reasons, the Court recommends the District Court deny Mr. Mazurek's petition.

## I. PROCEDURAL HISTORY

On November 9, 2006, Mr. Mazurek pleaded guilty to first degree murder in the

Pulaski County Circuit Court. (Doc. No. 1 at 12.) He agreed to serve thirty-five years in the ADC in exchange for his guilty plea and his truthful testimony in the State's trial against Martinous Moore. (*Id.* at 12, 16.) The court accepted his guilty plea and deferred the sentencing until after Mr. Moore's trial. (*Id.* at 15, 17.) Mr. Mazurek did not testify at Mr. Moore's trial. (Doc. No. 7-3 at 10.)

On April 4, 2007, before his sentencing and through a new counsel, Mr. Mazurek filed a motion to withdraw his guilty plea, pursuant to Arkansas Rule of Criminal Procedure 26.1 ("Rule 26"). He claimed that his original trial counsel was ineffective and his plea was involuntary. (*Id.* at 19.) On April 12, 2007, the circuit court held a hearing on Mr. Mazurek's motion. (*Id.* at 22.) With regard to the ineffective assistance of counsel claim, the court stated that Mr. Mazurek would have "to show that counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability, but for counsel's unprofessional error," the result of the proceeding would have been different. (*Id.* at 40.) After hearing Mr. Mazurek's testimony and listening to both counsels' arguments, the court denied Mr. Mazurek's motion. (*Id.* at 42.) The court then sentenced Mr. Mazurek to serve thirty-five years in the ADC. (*Id.* at 43.) On April 18, 2007, the court filed the judgment and commitment order in Mr. Mazurek's case. (*Id.* at 55.)

On May 9, 2007, Mr. Mazurek filed a petition for post-conviction relief in the Pulaski County Circuit Court, pursuant to Arkansas Rule of Criminal Procedure 37.1

("Rule 37"). In his petition, he alleged that (1) his trial counsel at his change of plea hearing was ineffective and (2) that the trial court "failed to properly inquire or admonish him during his guilty plea . . . ." (*Id.* at 60-61.) Mr. Mazurek mistakenly believed that his Rule 37 petition was automatically denied after thirty days if the court did not issue an order, so on December 14, 2007–before the circuit court ruled on the Rule 37 motion–Mr. Mazurek appealed the alleged-denial of his Rule 37 motion to the Arkansas Supreme Court. (Doc. No. 7-3 at 1.) On November 13, 2008, the court denied his appeal as not ripe. (Doc. No. 7-6 at 1.) On December 15, 2008, Mr. Mazurek filed a motion for belated appeal with the Arkansas Supreme Court, asking permission to late-file an appeal of the denial of his Rule 26 motion. (Doc. No. 7-7.) On January 15, 2009, the court denied Mr. Mazurek's motion for permission to file a belated appeal. (Doc. No. 7-7 at 17.) On February 11, 2014, the circuit court denied Mr. Mazurek's Rule 37 petition. (Doc. No. 1 at 64.)

On February 26, 2014, Mr. Mazurek filed a pro se motion to modify the order denying his Rule 37 petition in the Pulaski County Circuit Court. (*Id.* at 65.) On July 9, 2014, Mr. Mazurek filed a petition for a writ of mandamus in the Arkansas Supreme Court, asking the court to compel the circuit court to rule on his motion to modify. (Doc. No. 7-8 at 1.) On July 14, 2014, the circuit court denied Mr. Mazurek's motion to modify. (Doc. No. 1 at 70.) On September 4, 2014, the Arkansas Supreme Court denied Mr. Mazurek's petition for a writ of mandamus as moot since the circuit court had ruled

on the motion to modify. (Doc. No. 7-8 at 1.)

On December 8, 2015, Mr. Mazurek filed this petition for a writ of habeas corpus. (Doc. No. 1.) On January 30, 2015, the Director of the ADC ("Director") filed a response brief, asking the District Court to deny Mr. Mazurek's petition. (Doc. No. 7.) On February 5, 2015, Mr. Mazurek filed a reply to the Director's response.

III.   STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id*. at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in his claims being barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 132 S.Ct 1309, 1320 (2012). A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. The Eighth Circuit has applied this exception to Rule 37 petitions. *Sasser v. Hobbs*, 735 F.3d 833, 853 (2013). This exception only applies to ineffective assistance of trial counsel claims, and is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cert. filed, No. 14-8782 (Mar. 10, 2015)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006).

## IV. ANALYSIS

In his petition, Mr. Mazurek raises two grounds for relief: (1) the state court erred by denying his Rule 26 motion to withdraw his guilty plea, and (2) the state court did not

establish a factual basis for his guilty plea, in violation of Arkansas Rule of Criminal Procedure 24.6. (Doc. No. 1 at 4, 7.)

### A. STATE COURT'S DENIAL OF MR. MAZUREK'S RULE 26 MOTION

Mr. Mazurek argues that the state court erred in denying his Rule 26 motion. (Doc. No. 1 at 4.) Specifically, he argues that the state court unreasonably applied the facts attained at the Rule 26 hearing to the ineffective assistance of counsel standard from *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. No. 1 at 4-7.) The Director responds that this claim is procedurally defaulted. (Doc. No. 7 at 4.) Mr. Mazurek replies that the ineffective assistance of collateral counsel for not appealing the Rule 37 court's denial of his post-conviction motion excuses his procedural default, as found in *Martinez v. Ryan*, 132 S.Ct 1309 (2012). (Doc. No. 8 at 1.)

Here, Mr. Mazurek's claim is procedurally defaulted. He presented this claim to the circuit court in his Rule 26 motion, but failed to appeal that court's ruling. Therefore, he failed to exhaust the remedies available in the state courts.

Mr. Mazurek's claim of ineffective assistance of collateral counsel does not excuse his procedural default. The *Martinez* exception only applies if counsel was ineffective in the initial-review collateral proceeding. In this case, the Rule 37 court did not conduct the initial review of his ineffective assistance of counsel claim–rather, it was the trial court at the Rule 26 hearing. Since Mr. Mazurek was able to fairly raise the ineffective assistance of counsel claim using a new lawyer at his Rule 26 hearing, the

*Martinez* exception does not apply to his claim. Mr. Mazurek does not allege any other cause for his procedural default, so this claim should be denied.

Mr. Mazurek's reply brief could be liberally-construed to argue that his counsel for his Rule 26 hearing was ineffective for failing to appeal the state court's denial of his Rule 26 motion.[2] (Doc. No. 8 at 2.) This claim is procedurally defaulted because he did not raise it in his Rule 37 petition. (*See* Doc. No. 1 at 60-61.) Mr. Mazurek alleges that the *Martinez* exception applies to excuse his default because his Rule 37 lawyer did not raise this claim in his motion for post-conviction relief. (*Id.*).

Mr. Mazurek's claim of ineffective assistance of collateral counsel cannot excuse his procedural default of this claim. The failure to appeal the trial court's ruling on his Rule 26 motion constitutes ineffective assistance of appellate counsel rather than trial counsel. *See Tokar v. Bowersox*, 198 F.3d 1039, 1051 (8th Cir. 1999) (construing counsel's error for not raising claims on appeal when counsel did not appeal the judgment in a death penalty case as an ineffective assistance of appellate counsel claim). Since the *Martinez* exception does not apply to ineffective assistance of appellate counsel claims, it does not apply to this claim. Mr. Mazurek does not allege any other cause for his procedural default, so this claim should be denied.

### B. Failure to Establish Factual Basis for Guilty Plea

Mr. Mazurek alleges that the state court did not establish a sufficient factual basis

[2] Although the Director was unable to respond to this claim since Mr. Mazurek did not raise it in his petition, the Court will consider it.

for his guilty plea. (Doc. No. 1 at 7.) The Director responds that establishing a factual basis for a guilty plea is a state requirement, and is therefore not cognizable in a petition for a writ of habeas corpus. (Doc. No. 7 at 4.) Mr. Mazurek replies that the Federal Rules of Criminal Procedure require a factual basis for a guilty plea, so the trial court's failure is a violation of federal law. (Doc. No. 8 at 3.)

The "factual basis requirement rests in [Federal Rule of Criminal Procedure] 11(f), not the Constitution." *Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982). However, "a factual basis may be constitutionally required when the guilty plea is accompanied by claims of innocence." *White v. United States*, 858 F.2d 416, 423 (8th Cir. 1988) (quoting *Wabasha*, 694 F.2d at 157). In those cases, the court must determine whether there was "sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." *Id.* (quoting *Gregory v. Solem*, 774 F.2d 309, 312 (8th Cir. 1985). Since Mr. Mazurek claims that he is innocent, this claim is cognizable in a petition for a writ of habeas corpus.

Mr. Mazurek's claim is procedurally defaulted. Mr. Mazurek fairly raised this issue in his Rule 37 petition, but he did not appeal that court's denial of this claim to the state's highest court. Therefore, he did not exhaust the remedies available to him in the state courts. The *Martinez* exception does not establish cause for his procedural default of this claim because it is not an ineffective assistance of trial counsel claim. Since Mr. Mazurek does not allege any other cause for his procedural default, this claim should be

denied.

V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the District Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Mazurek has made a substantial showing of a denial of a constitutional right. Thus, the District Court should not issue a certificate of appealability.

VI. CONCLUSION

Mr. Mazurek does not present a claim to which he is entitled relief, and his petition for a writ of habeas corpus (Doc. No. 1) should be denied with prejudice. The District Court should not issue a certificate of appealability.

IT IS SO ORDERED this 10th day of August, 2015.

United States Magistrate Judge